**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Swartsell,
    Petitioner

    vs.                                   Case No. 1:04cv337
                                             (Weber, S.J.; Hogan, M.J.)

Ernie Moore,
    Respondent

**REPORT AND RECOMMENDATION**

Petitioner, who is in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. This matter is before the Court on the petition; respondent's "Answer/Return Of Writ," with manually-filed exhibits; petitioner's reply to the return of writ; and the manually-filed transcript of the state criminal trial proceedings. (Docs. 1, 11, 13, 18, 19).

**Factual And Procedural Background**

On December 28, 2000, petitioner was indicted by the Butler County, Ohio, grand jury on three counts of rape as defined in Ohio Rev. Code § 2907.02(A), two counts of domestic violence as defined in Ohio Rev. Code § 2919.25, and two counts of assault as defined in Ohio Rev. Code § 2903.13(A). (Doc. 13, Ex. 1). The charges were based on incidents that allegedly occurred on October 26, 2000, against 2 victims, David B. and Michael H., who were considered to be "substantially impaired because of a mental or physical condition." (*See id.*).

Prior to trial, petitioner's trial counsel filed a "Motion In Limine/And Motion For Competency Determination" challenging the competency of the alleged victims and requesting the issuance of an order "barring the State of Ohio from introducing the testimony of [the victims] or any out of court statements [made by them]." (*Id.,* Ex. 2). Petitioner's counsel also filed a motion for "independent psychological interview" of the two victims on the issue of "their competence to testify as well as their credibility." (*Id.,* Ex. 3).

A competency hearing was held on February 8, 2002, where "certain exhibits were admitted[,] . . . the Court heard testimony from Roger Fisher, a Licen[s]ed Clinical Psychologist," and the two victims were interviewed by the trial judge and counsel. (*Id.*, Ex. 6; Doc. 19, Tr. Of Competency Hearing). On March 7, 2002, the Butler County Common Pleas Court issued a written decision overruling the "Motion In Limine/And Motion For Competency Determination" based on its finding that the two victims were competent to testify at trial under Ohio R. Evid. 601(A). (Doc. 13, Ex. 6). The court reasoned in pertinent part:

> After careful consideration and analysis of the evidence and testimony of the victims, the Court finds that David [B.] and Michael [H.] are competent to testify at trial. While both gentlemen are mentally challenged and could readily be misle[]d or confused concerning unrelated matters, each revealed that he could accurately state the matters which have come within his perception concerning the issues of the trial and that each understood the obligation of the oath to tell the truth. Furthermore, the Court finds that both witnesses meet the tests set forth in [*State v. Frazier,* 574 N.E.2d 483, syllabus (Ohio 1991), *cert. denied,* 503 U.S. 941 (1992), for determining competency to testify].

(*Id.*).

Thereafter, petitioner was brought to trial before a jury. At trial, the prosecutor, with the court's leave, dismissed the domestic violence charges. (*Id.,* Ex. 7). The jury returned a verdict of guilt on two of the rape charges involving victim Michael H., and of the lesser-included offenses of misdemeanor assault on the two felony assault counts; petitioner was acquitted on the rape count involving victim David B. (*Id.,* Ex. 8). On June 18, 2002, petitioner was sentenced to concurrent terms of imprisonment of ten (10) years for the two rape offenses and six (6) months for the two misdemeanor assault offenses. (*Id.,* Ex. 9).

With the assistance of new counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, Twelfth Appellate District. In his appellate brief, petitioner raised among other assignments of error: (1) a claim challenging the sufficiency of evidence "when the only key witness against the defendant is incompetent to testify and when there is no medical corroborating evidence to prove there was a sexual assault;" and (2) a claim of error by the trial court "when it determined that both victims were competent to testify." (*Id.,* Ex. 10).

On August 25, 2003, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 12). In its Opinion, the court made findings of fact, which are presumed correct under 28 U.S.C. § 2254(e)(1),[1] regarding the incidents that resulted in petitioner's indictment and convictions:

> David B., age 19, and Michael H., age 27, are mentally impaired individuals with IQs below 70. They reside in a residential treatment home in the city of Hamilton.
>
> Appellant was employed by Innovative Support Services ("ISS") in 2000. The Butler County Board of Mental Retardation and Developmental Disabilities ("MRDD") contracts with ISS to provide residential support services to MRDD clients. Appellant was the "home manager" of David B. and Michael H.'s residential treatment facility. As home manager, appellant was the direct supervisor of the two other ISS employees assisting David B. and Michael H. with their basic life skills, Larry Strong and David Glaub.
>
> On October 29, 2000, David B. told Strong that "Mark stuck it (his penis) in his butt." Michael H. told Strong that "Mark stuck it (his penis) in his mouth and it tasted bad." Strong told Michael H. to tell his

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has neither cited nor presented any evidence to rebut the Ohio court's factual findings quoted herein. Therefore, petitioner has not demonstrated by clear and convincing evidence that such findings are erroneous.

3

> teacher.
>
> On October 30, 2000, Michael H. approached Virginia Lester, a teacher at his school. Lester testified that as Michael H. advanced toward her, he appeared to be very upset and disturbed. He stated that he "need[ed] to talk to [her] now." Michael H. then told her, "Mark put his dick in my mouth." Lester then took Michael H. to the school nurse. The school nurse reported the matter to Children Services and MRDD.
>
> Hamilton Police Detective David Collins interviewed the victims. When appellant was questioned, he denied the allegations. . . .

(*Id.,* pp. 2-3).

Petitioner's counsel timely appealed to the Ohio Supreme Court, asserting in one of the two propositions of law contained in his memorandum in support of jurisdiction that "[w]hen a witness has the mental capacity of a four year old, does not have the ability to receive accurate impressions of fact, cannot recall those impressions, cannot communicate in a cohesive manner, and cannot appreciate the difference between the truth and a lie, the court violates a defendant's due process rights and his right of confrontation when it allows that witness to testify in a rape prosecution." (*Id.,* Ex. 13). On November 26, 2003, the state supreme court declined jurisdiction to hear the case without opinion. (*Id.* Ex. 15).

On May 18, 2004, new counsel, who had not represented petitioner at trial or on direct appeal, filed the instant federal habeas corpus petition on petitioner's behalf. In paragraphs 10-12 of the petition, petitioner alleges the following grounds for relief.

> **Ground One:** The Confrontation Clause was violated by the trial court's determination that the complaining witness was partially incompetent and partially competent to testify, insofar as cross-examination was rendered constitutionally insufficient.
>
> **Ground Two:** The Confrontation Clause was violated by the trial court's determination that the complaining witnesses were partially incompetent and partially competent to testify, insofar as that decision constituted an "*** unreasonable determination of the facts in light of the evidence presented ***."

4

>  **Ground Three:** The Due Process Clause was violated where the complaining witnesses' testimony was the only evidence presented to convict Swartsell, and where those witnesses had been determined to be partially incompetent and partially competent.

(Doc. 1, p. 2).

In the return of writ, respondent does not raise statute of limitations, exhaustion or waiver defenses. (*See* Doc. 11). Instead, he addresses the claims on the merits as a single ground for relief essentially challenging the trial court's competency determination and "the admissibility of evidence (the testimony of the victim/witnesses) at his trial." (*See id.*, pp. 6-11).

## OPINION

### Petitioner Is Not Entitled To Habeas Relief Based On His Constitutional Claims For Relief, Which All Stem From The Trial Court's State-Law Determination That The Victims Were Competent To Testify At Trial

In his three grounds for relief, petitioner essentially challenges the trial court's March 7, 2002 decision denying his motion in limine based on the determination that the two victims were competent to testify at trial.[2] Petitioner contends that "the 2, mentally retarded, complaining witnesses at his trial were incompetent to testify and, therefore, were unable to be meaningfully confronted under the Sixth Amendment." (Doc. 18, pp. 1-2). It also appears that petitioner is claiming in Ground Three that his conviction is based on insufficient evidence, given that the only evidence introduced against him was the incompetent victims' testimony.

The Ohio Court of Appeals was the last state court to render a reasoned decision addressing the merits of these issues on direct appeal. First, the court rejected petitioner's claim challenging the trial court's determination that both victims were

---

[2]Petitioner's counsel alleges in the petition that the trial court determined the victims were "partially incompetent and partially competent to testify." (*See* Doc. 1, ¶¶ 10-12). This allegation is belied by the record. Both the trial court's and Ohio Court of Appeals' decisions are based solely on a finding of competency to testify, not partial competency and partial incompetency as petitioner has alleged. (*See* Doc. 13, Exs. 6, 12).

competent to testify, ruling in relevant part as follows.

> The victims in this case, David B. and Michael H., are mentally impaired adults with IQs below 70.  In order to testify, witnesses must be competent.  Evid.R. 601 provides in part: "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
>
> Evid.R. 601(A) "favors competency, conferring it even on those who do not benefit from the presumption ***.". . . As a result, "absent some articulable concern otherwise, an individual who is at least ten years of age is per se competent to testify.". . . However, the presumption of competency "recedes in those cases where a witness is of unsound mind.". . . Those persons classified as mentally impaired are presumed incompetent as witnesses and must have their competency to testify determined by the court. . . . In such cases, "the burden falls on the proponent of the witness to establish that the witness exhibits certain indicia of competency.". . .
>
> The test for competency of a witness presumed incompetent is set forth in the syllabus of *State v. Frazier* (1991), 61 Ohio St.3d 247, certiorari denied (1992), 503 U.S. 941. . . . In determining competency to testify, "the trial court must take into consideration (1) the [presumed incompetent person's] ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the [presumed incompetent person's] ability to recollect those impressions or observations, (3) the [presumed incompetent person's] ability to communicate what was observed, (4) the [presumed incompetent person's] understanding of truth and falsity and (5) the [presumed incompetent person's] appreciation of his or her responsibility to be truthful.". . .
>
> A court conducting a voir dire to determine competency is not chained to a ritualistic formula to ask specific questions.  However, it must satisfy itself of the elements enumerated in *Frazier*.  After conducting a voir dire examination of a witness, the trial court may rule on the

competent to testify, ruling in relevant part as follows.

> The victims in this case, David B. and Michael H., are mentally impaired adults with IQs below 70.  In order to testify, witnesses must be competent.  Evid.R. 601 provides in part: "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
>
> Evid.R. 601(A) "favors competency, conferring it even on those who do not benefit from the presumption ***.". . . As a result, "absent some articulable concern otherwise, an individual who is at least ten years of age is per se competent to testify.". . . However, the presumption of competency "recedes in those cases where a witness is of unsound mind.". . . Those persons classified as mentally impaired are presumed incompetent as witnesses and must have their competency to testify determined by the court. . . . In such cases, "the burden falls on the proponent of the witness to establish that the witness exhibits certain indicia of competency.". . .
>
> The test for competency of a witness presumed incompetent is set forth in the syllabus of *State v. Frazier* (1991), 61 Ohio St.3d 247, certiorari denied (1992), 503 U.S. 941. . . . In determining competency to testify, "the trial court must take into consideration (1) the [presumed incompetent person's] ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the [presumed incompetent person's] ability to recollect those impressions or observations, (3) the [presumed incompetent person's] ability to communicate what was observed, (4) the [presumed incompetent person's] understanding of truth and falsity and (5) the [presumed incompetent person's] appreciation of his or her responsibility to be truthful.". . .
>
> A court conducting a voir dire to determine competency is not chained to a ritualistic formula to ask specific questions.  However, it must satisfy itself of the elements enumerated in *Frazier*.  After conducting a voir dire examination of a witness, the trial court may rule on the

competency of the witness keeping in mind whether the witness's mental impairment substantially negates the trustworthiness of his or her testimony. . . .  As long as a witness understands the oath, or has the mental capacity sufficient to receive just impressions of the facts and transactions relating to what he or she is being questioned upon, then he or she is competent to testify at trial. . . .

A trial court's decision that a presumed incompetent witness is competent to testify must be approached by a reviewing court with great deference because the trial judge has the opportunity to observe the person's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. . . .  A determination of competency lies within the discretion of the trial judge and that determination will not be disturbed on appeal unless there is a showing of abuse of discretion. . . .

Despite David B. and Michael H.'s confusion as to some of the questions, within the context of their entire testimony, they demonstrated the ability to receive accurate impressions of fact, the ability to recollect those impressions or observations, and the ability to communicate what they observed.

At the competency hearing, Michael H. was able to provide the court with his name, age, birthday, the name of the school, the name of his teacher, and his parents' names.  When asked, David B. was able to provide the court with his name, age, birthday, the card games he likes to play, what he does at his occupational workshop, and the names of his workshop helpers.

The record also shows that they understood the difference between a lie and the truth and appreciated their responsibility to be truthful, as the following exchanges demonstrate:

The court asked, "David, tell me what that means to you *** to tell the truth."  David B. replied, "I tell God I tell the truth."  The court asked Michael H., "[d]o you know what that means when you . . . say I swear to tell the truth?"  Michael H. answered, "It's the truth.  Swear to God, swear to God."

7

> We conclude that the court did not abuse its discretion when it ruled that David B. and Michael H. were competent to testify. David B. and Michael H.'s testimony supports the trial court's conclusion that they were capable of relating their impressions of the facts to the court, of distinguishing between a lie and the truth, and of understanding their obligation to tell the truth. . . .

(Doc. 13, Ex. 12, pp. 3-7) (state case citations omitted).

Later, the Ohio Court of Appeals rejected petitioner's claim challenging the sufficiency of the evidence against him. The court determined that the following testimony by Michael H. constituted "sufficient evidence for the jury to find that [petitioner] committed the offenses for which he was convicted:"

> . . . .He testified that appellant "stuck his dick in my mouth and it tasted bad." Furthermore, Michael H. testified that appellant "hit me in the face" and then "put his dick in my butt."

(*Id.,* p. 14). In addition, the court pointed out in addressing petitioner's analogous state-law manifest weight of the evidence claim that "Strong testified that he observed Michael come home from school, get naked, and lie on his bed. When Strong asked Michael H. what he was doing, Michael H. answered, "waitin on Mark." (*Id.,* p. 12).

As an initial matter, to the extent petitioner contends that he is entitled to federal habeas corpus relief because the trial court violated Ohio R. Evid. 601(A) and standards established by state case-law in denying his motion in limine and in determining the victims' competency to testify, he raises an issue of state law only that is not cognizable in this proceeding. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

In habeas actions, federal courts do not sit to review the admissibility of evidence under state law. *See Estelle,* 502 U.S. at 67-68. As a general rule, on federal habeas corpus review of a state conviction, the court must defer to and is bound by the state court's state-law determinations regarding the admissibility of evidence. *Id.; see*

8

*e.g., Gimotty v. Elo,* 40 Fed.Appx. 29, 32 (6th Cir. Apr. 25, 2002) (not published in Federal Reporter) (citing *Davis v. Strack,* 270 F.3d 111, 123 n.4 (2nd Cir. 2001)), *cert. denied,* 537 U.S. 894 (2002); *Johnson v. Rosemeyer,* 117 F.3d 104, 108 (3rd Cir. 1997); *see also Warner v. Zent,* 997 F.2d 116, 133 (6th Cir. 1993) (absent a showing of "extreme circumstances where it appears that the [state court's] interpretation of [state law] is an obvious subterfuge to evade consideration of a federal issue," the federal habeas court is bound by the state court's determination of state law) (quoting *Mullaney v. Wilbur,* 421 U.S. 684, 690-91 (1975)), *cert. denied,* 510 U.S. 1073 (1994).

In this case, petitioner's constitutional claims turn on the propriety of the state trial court's determination of the victims' competency to testify at trial. Contrary to petitioner's suggestion in his second ground for relief that the competency ruling is subject to review under a reasonableness standard, such a determination is a factual finding, which must be presumed correct under 28 U.S.C. § 2254(e)(1), *see supra* p. 3 n.1, unless petitioner presents "clear and convincing evidence to the contrary." *See Filiaggi v. Bagley,* 445 F.3d 851, 858 (6th Cir. 2006) (citing *Thompson v. Keohane,* 516 U.S. 99, 110-11 (1995), and quoting *Clark v. O'Dea,* 257 F.3d 498, 506 (6th Cir. 2001), *cert. denied,* 535 U.S. 938 (2002)) (affirming determination by Ohio courts that the defendant was competent to stand trial); *see also United States v. Izquierdo,* 448 F.3d 1269, 1278 (11th Cir. 2006) (relying on *United States v. Hogan,* 986 F.2d 1364, 1371 (11th Cir. 1993), in holding on direct review of a federal criminal conviction that the "district court's competency determination is primarily factual in nature," and entitled to deference with "due regard" given "to the trial court's opportunity to assess the credibility of witnesses"); *cf. United States v. Allen J.,* 127 F.3d 1292, 1293-94 (10th Cir. 1997) (on direct review of a federal criminal conviction challenging the district court's determination of witness competency under Fed. R. Evid. 601, the court stated: "Because district courts have the advantage of direct observation of witnesses, this court defers to their determinations regarding the competency of witnesses to testify."), *cert. denied,* 523 U.S. 1013 (1998); *Peters v. Whitley,* 942 F.2d 937, 940 n.2 (5th Cir. 1991) (noting on federal habeas review of a state conviction challenging a child witness's competence to testify, that under state law, "[b]ecause the trial judge has the advantage of observing the child witness, his determination of competence is entitled to great deference and will not be disturbed in the absence of manifest error or an abuse of discretion"), *cert. denied,* 502 U.S. 1113 (1992).

In addition, contrary to petitioner's contention in the first two grounds for relief, petitioner's allegations do not implicate concerns under the Sixth Amendment's

9

Confrontation Clause. In contrast to the cases cited by petitioner in his reply brief in support of his Confrontation Clause claim–*Maryland v. Craig,* 497 U.S. 836 (1990), and *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir.), *cert. denied,* 540 U.S. 930 (2003) (Doc. 18), the victim witnesses were both subjected to cross-examination at trial, where their mental capabilities were explored as an issue for the jury to assess in determining the weight and credibility to be accorded their testimony. *Cf. United States v. Hinojosa Gonzalez*, 68 Fed.Appx. 918, 926-27 (10th Cir. June 25, 2003) (not published in Federal Reporter) (upholding the admission of a witness's testimony, because the witness's "mental health issues" brought out by the defense on cross-examination of the witness at trial did not go to the admissibility of the witness's testimony under Fed. R. Evid. 601, but rather were "particularly suited" for the jury to resolve in assessing the weight and credibility of such testimony)*, cert. denied,* 540 U.S. 932, 1066, 1205 (2003); *see also Allen J.*, 127 F.3d at 1296 (inconsistencies or problems with the victim's testimony do not raise questions of competence, but rather of credibility "to be determined by the trier of fact, not this court").

Instead, the constitutional question presented here is whether the victims' testimony "was so grossly unreliable that, viewed in the context of the entire trial, it infected and fatally undermined the reliability of [petitioner's] conviction." *Peters,* 942 F.2d at 940; *see also Logan v. Lockhart,* 994 F.2d 1324, 1327 (8th Cir. 1993), *cert. denied,* 510 U.S. 1057 (1994); *Wynn v. Cockrell,* No. 4:02-CV-864-A, 2003 WL 21448588, at *3-4 (N.D. Tex. Apr. 16, 2003) (unpublished); *Jones v. Snyder,* No. Civ.A. 95-311-GMS, 1999 WL 33220030, at *5 (D. Del. May 4, 1999) (unpublished).

Upon review of the transcripts of the state court competency hearing and petitioner's trial, the Court concludes that the victim witnesses' testimony was not so grossly unreliable that it infected and fatally undermined the reliability of petitioner's conviction. It is conceded that the victims' competency was called into question by the defense expert who testified at the competency hearing and by the testimony of the victims themselves, who often gave confused and non-responsive answers to questions posed at that hearing. Indeed, the trial court expressly found in its written decision issued after the hearing that the victims were "mentally challenged" and "could readily be misle[]d or confused" by the questions that were posed to them "concerning unrelated matters." (Doc. 13, Ex. 6).

However, by the same token, in light of the degree of deference to be accorded the trial court's ultimate determination of competency, the evidence presented at the hearing in support of petitioner's position does not amount to "clear and convincing"

evidence to the contrary. The trial court's competency finding was based at least in part on an assessment that may not be gleaned from the record of the witnesses' credibility stemming from their demeanor and manner of responding to the questions posed. In any event, as the Ohio Court of Appeals found on direct appeal (*see id.*, Ex. 12, p. 6), there is evidence in the record supporting the conclusion that although confused "as to some of the questions," the victims were capable of receiving "accurate impressions of fact" particularly concerning the issues of the trial, of recollecting those impressions or observations, of communicating what they had observed, and of understanding "the difference between a lie and the truth and their responsibility to be truthful." (*See* Doc. 19, Tr. Of Competency Hearing 39-67; Tr. Of Trial 128-66). Other witnesses, who testified at trial regarding their communications with the victims and what they had personally observed concerning the incidents in question, provided further support for the trial court's determination of competency. (*See id.,* Tr. Of Trial 70-76, 83-85, 88-94, 103-04, 119-22, 191, 200, 206, 242-49). Therefore, petitioner has not presented clear and convincing evidence to rebut the presumption of correctness to be accorded the trial court's factual determination that the two victims were competent to testify at trial.

Finally, contrary to petitioner's contention in his third ground for relief, it appears from the record that there was sufficient evidence presented at trial to support petitioner's convictions on the two rape charges involving victim Michael H. and for the lesser-included offenses of misdemeanor assault with respect to both victims. (*See id.,* Tr. Of Trial 70-72, 75-76, 155-56, 164-65, 171-72, 191, 200, 206-08).

Accordingly, in sum, petitioner is not entitled to federal habeas corpus relief based on the three claims for relief alleged in the petition, all of which stem from the trial court's determination that the victims were competent to testify as witnesses for the State at petitioner's trial.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue in this case, because petitioner has failed to make a substantial showing of the denial of a constitutional right in any of his grounds for relief. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  7/5/2006                                         s/Timothy S. Hogan
     cbc                                                      Timothy S. Hogan
                                                                    United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\04-337denypet.witness-competency.confront-DP.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Mark Swartsell,
    Petitioner,

    v.

Ernie Moore,
    Respondent.

Case No. 1:04cv337
(Weber, S.J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).